## Case No. 16,355.

UNITED STATES v. SOTO.

[1 Hoff. Land Cas. 8.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANTS—CONFIRMATION—BREACH OF CONDITION.

[Where all the papers necessary to a perfect title are found complete in the archives, and the genuineness of the signatures is proved, the mere fact that a condition in the grant requiring a house to be built on the land within one year, was not strictly complied with, in regard to time, will not prevent confirmation, where the grant was not denounced by the former government, but was confirmed by the departmental assembly, notwithstanding the omission. Fremont v. U. S., 17 How. (58 U. S.) 542, followed.]

[Claim by Josefa Soto for the Rancho Capay, comprising ten leagues of land in Colusa county; confirmed by the board, and appealed by the United States.]

S. W. Inge, U. S. Atty.
William H. McKee, for appellee.

HOFFMAN, District Judge. This cause has been submitted without argument, and no reason for reversing the decision of the board has been suggested to us. The expediente, containing the petition, the order of the governor thereon, the grant, and the sub-

sequent approval of the departmental assembly, is found among the archives of the former government, and the genuineness of the signatures to the title issued to the party and the record of the proceedings of the assembly is also established. The authenticity of these documents is not questioned in this court, nor does it seem to have been in any way impugned before the board of commissioners. The grant bears date the twenty-first of May, 1844. The approval of the assembly is dated the twenty-second of April, 1846. The condition of the grant, requiring the grantee to build a house within a year from its date, does not appear to have been strictly complied with. But there was no denouncement of the land under the former government, and the grant was confirmed by the assembly, notwithstanding the omission to comply with the condition. A house seems to have been built, and the land stocked with cattle, horses, etc., in the year 1846, or perhaps in the beginning of 1847, and from that time to the present the land has been in the peaceable possession of the appellee and those claiming under him. In accordance with the principles laid down by the supreme court, and applied by us in recent cases, we think this claim should be confirmed.